62 P.3d 628

**STATE Of Hawai'i, Plaintiff–Appellee,**

v.

**Christopher Allen KIMSEL, Defendant–Appellant.**

**No. 24424.**

Intermediate Court of Appeals of Hawai'i.

Dec. 26, 2002.

Certiorari Denied Feb. 5, 2003.

Craig T. Kimsel and Jonathan E. Burge, Honolulu, on the briefs, for Defendant–Appellant.

Lawrence A. Goya, Deputy Attorney General, on the briefs, for Plaintiff–Appellee.

BURNS, C.J., WATANABE and FOLEY, JJ.

Opinion of the Court by BURNS, C.J.

Defendant–Appellant Christopher Allen Kimsel (Kimsel) appeals from the circuit court's (1) July 16, 2001 "Findings of Fact, Conclusions of Law, and Order Denying Defendant Christopher Allen Kimsel's Motion for Deferred Acceptance of No Contest Plea" (July 16, 2001 Order); and (2) June 20, 2001 Judgment convicting Kimsel of Terroristic Threatening in the First Degree. We affirm without prejudice to Kimsel's right to file a post-conviction proceeding as authorized by the Hawai'i Rules of Penal Procedure Rule 40.

In Hawai'i, by statute, a defendant who uses a firearm in the commission of the offense is not eligible for a deferred acceptance of nolo contendere (DANC) (no contest) plea. In this opinion, we conclude that in cases where the indictment alleges that a "dangerous instrument" was used in the commission of the offense charged so as to allow proof that a "firearm" was used, the possibility exists that the defendant is not eligible for a DANC plea. In such cases, if prior to the court's decision on the defendant's motion for a DANC plea the court is informed that the "dangerous instrument" was a "firearm," the defendant is not eligible for, and the court is not authorized to enter, a DANC plea.

## BACKGROUND

Kimsel was indicted on January 17, 2001, as follows:

> On or about the 21st day of August, 2000, ... CHRISTOPHER ALLEN KIMSEL, did threaten, by word and conduct, to cause bodily injury to another person, Robert Searle, who was a public servant, in reckless disregard of the risk of terrorizing Robert Searle, and/or did threaten, by word and conduct, to cause bodily injury to another person, Robert Searle, with the use of a dangerous instrument, in reckless disregard of the risk of terrorizing Robert Searle, thereby committing the offense TERRORISTIC THREATENING IN THE FIRST DEGREE in violation of Sections 707–716(1)(c) and 707–716(1)(d) of the Hawai'i Revised Statutes.

The indictment did not identify the "dangerous instrument" allegedly used by Kimsel. Hawai'i Revised Statutes (HRS) § 707–700 (1993) states as follows:

"Dangerous instrument" means any firearm, whether loaded or not, and whether operable or not, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury.

HRS § 853–4(9) (1993) states, in relevant part, as follows: "This chapter [pertaining to deferred acceptance of guilty plea and DANC plea] shall not apply when: .... [a] firearm was used in the commission of the offense charged[.]"

On April 2, 2001, after Kimsel submitted a no contest plea form to the court and the court questioned Kimsel about his knowledge of a no contest plea, the deputy attorney general described the incident in the following offer of proof:

At the time of the incident, Mr. Kimsel was a sergeant with the Sheriff's Division of the Public Safety Division. He was apparently in charge of the watch at the time, and the incident happened at about the end of the watch, which would have been about 9:00 p.m. of that evening. He was with a subordinate, a Robert Searle. Apparently they were discussing something concerning the possibility of the Sheriff's Division changing the location of their headquarters, and for no explanation apparently ... Sergeant Kimsel drew his service revolver, pointed it at Deputy Searle and said in effect "if you say that again, I'll shoot you[.]"

In relevant part, the following dialogue between Circuit Court Judge Gail Nakatani and Kimsel then ensued:

Q. All right. Now, Mr. Kimsel, in addition to your no contest plea, your attorneys have also moved for or asked the Court to defer acceptance of your plea, and have you discussed this matter with your attorneys?

A. Yes, Your Honor.

Q. On the other hand, if the motion is denied by the Court, then you will have already unconditionally pleaded no contest, and you will end up with a felony conviction on your record; do you understand that?

A. Yes, Your Honor.

Q. So you understand that you are taking a risk by asking for this deferral, and the risk is that the motion may be denied; do you understand that?

A. Yes, Your Honor.

Q. And is that a risk that you are willing to take?

A. Yes, Your Honor.

. . . .

Q. All right. Then, Mr. Kimsel, to the charge of Terroristic Threatening in the First Degree, then, what is your plea?

A. No contest.

Q. All right. The Court finds that Mr. Kimsel enters his no contest plea voluntarily, intelligently and knowingly, and with a full understanding of the consequences of his plea. The Court will not accept his plea at this time pending disposition on the motion.

. . . .

THE COURT: All right.

Mr. Kimsel, you will be referred to the Adult Probation Division, and you will return back for sentencing on Wednesday, June 13, 2001 at 8:30 a.m., and you will report immediately to the Adult Probation Division downstairs.

At the sentencing hearing on June 20, 2001, Judge Nakatani stated, in relevant part, as follows:

And I think it's undisputed. If we look at the indictment, the indictment charges in the alternative and the State alleged the use of a dangerous weapon which, by definition, includes a firearm. So if we look at the statutory definitional path, it does lead to the inclusion of the use of a firearm within the charge and so the Court does believe that, as to the indictment itself, the defendant was placed on adequate notice and was afforded due process that the charge against him included the use of a firearm.

Then we go to the deferral statute. And 853–49 expressly provides that a firearm makes a defendant ineligible for a deferral. The language is unequivocal, and it does say "as to the charged offense." So we still have to look back to the indictment, and the indictment has to contain the firearm. But the Court does find that the firearm allegation is contained within the indictment.

I don't believe also that the deferral is a sentencing option, . . . .

. . . But I look back to the indictment, and I think that the indictment fairly and reasonably includes the firearm. And I think that's—that is what is essential and critical to this decision.

So based on those findings, then, the Court will deny the motion for deferral and the Court does find that [Kimsel] is statutorily ineligible for this deferral consideration.

I would encourage you to take an appeal on this issue because I can't say that I know for sure.

Judge Nakatani then proceeded to sentence Kimsel to probation for five years upon conditions and to imprisonment for five days with credit for time served.

Judge Nakatani entered the July 16, 2001 Order. Finding of Fact no. 8 of the July 16, 2001 Order states a conclusion of law that "H.R.S. § 853–4(9) specifically precludes the granting of a DANC [plea] where a firearm was used in the commission of the offense charged."

### 1.

In this appeal, Kimsel's point and argument is as follows:

I. **THE TRIAL COURT REVERSIBLY ERRED IN CONCLUDING THAT DEFENDANT KIMSEL WAS GIVEN NOTICE CONSISTENT WITH DUE PROCESS THROUGH THE LANGUAGE OF THE INDICTMENT TO STATUTORILY PRECLUDE THE COURT FROM EXERCISING IT'S [sic] DISCRETION TO EITHER GRANT OR DENY A MOTION FOR DEFERRED ACCEPTANCE OF NO CONTEST PLEA.**

. . . .

A. *Relevant Sentencing Law Requires That Aggravating Sentencing Factors Intrinsic To The Charged Offense, Such As A Handgun, Must Be Alleged In The Indictment In Order To Give The Defendant Notice That They Will Be Relied Upon At Sentencing[.]*

. . . .

B. *There Was No Notice Given To Defendant KIMSEL That The Intrinsic Circumstance Of The Use Of A Handgun Would Be Used To Statutorily Preclude [Kimsel] From Moving For A Deferred Acceptance Of His No Contest Plea Under H.R.S. § 853–1.*

C. *The State Of Hawai'i's Contention Below That Case Law Mandating Notice Does Not Apply To The Preclusion Of Deferred Acceptances Of No Contest Pleas Is Erroneous And Would Foster "Sentencing By Ambush."*

(Emphases in the original.)

Plaintiff–Appellee State of Hawai'i (the State) responds that "the body of an indictment must include a specification of facts that constitute an aggravation of the crime charged" only when conviction "would result in application of a statute enhancing the penalty for the crime committed." *State v. Apao,* 59 Haw. 625, 636, 586 P.2d 250, 258 (1978). The State notes that the indictment sufficiently informed Kimsel of the charges against him as required by *State v. Vanstory,* 91 Hawai'i 33, 44, 979 P.2d 1059, 1070 (1999).

In response to Kimsel's complaint that the State's view "[w]ould [f]oster '[s]entencing [b]y [a]mbush,' " the State argues that "[n]ot only did H.R.S. § 853–4(9) serve as a limitation on the discretion of the circuit court to grant [Kimsel's] Motion for a DANC plea, it also gave notice to [Kimsel] that he was not eligible for a DANC plea."

We disagree with Kimsel's view that HRS § 853–4(9) does not bar a DANC plea unless the indictment explicitly alleges that a "firearm was used in the commission of the offense charged." HRS § 853–4(9) pertains to the fact, not the allegation. Whenever an

indictment is worded so as to allow proof that a "firearm was used in the commission of the offense charged[,]" the possibility exists that the defendant is not eligible for a DANC plea. When Kimsel offered his no contest plea to the court, he was pleading to a charge possibly involving a firearm. After Kimsel (a) offered his no contest plea to the court and (b) the State outlined the details of the incident to the court, but before the court's decision not to "accept his plea at this time pending disposition on the motion" for a DANC plea, the State, defense counsel, and the court knew or should have known that Kimsel was not eligible for a DANC plea.

### 2.

Kimsel did not file a reply brief. Based on his argument that he was eligible for a DANC plea because the indictment failed to specify that the "dangerous instrument" allegedly used was a "firearm," his opening brief asked that we vacate the June 20, 2001 Judgment and the July 16, 2001 Order, conclude that he is eligible for a DANC plea, and remand for reconsideration of his motion for a DANC plea. Kimsel's opening brief did not indicate or justify the action he wanted this court to take if and when this court decided that he was ineligible for a DANC plea.

### CONCLUSION

Accordingly, without prejudice to Kimsel's right to file a post-conviction proceeding as authorized by the Hawai'i Rules of Penal Procedure Rule 40, we affirm the circuit court's (1) July 16, 2001 "Findings of Fact, Conclusions of Law, and Order Denying Defendant Christopher Allen Kimsel's Motion for Deferred Acceptance of No Contest Plea"; and (2) June 20, 2001 Judgment.